**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL BORBATH,**

**Plaintiff,** **Case No.: 6:26-cv-01953-AGM-RMN**

**vs.**

**L3HARRIS TECHNOLOGIES, INC.,**

**Defendant.**
**_______________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Borbath, hereinafter referred to as ("Plaintiff") by and through his undersigned counsel, hereby sues the Defendant, L3Harris Technologies, Inc., hereinafter referred to as ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and equitable relief brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* Jurisdiction of this Court is invoked pursuant to 38 U.S.C. § 4323(b)(3), which vests the district courts of the United States with jurisdiction over an action brought by a person against a private employer under USERRA.

2. Venue lies within the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 38 U.S.C. § 4323(c)(2), because

Defendant maintains a place of business in this Judicial District, in Brevard County, Florida, where Plaintiff was employed by Defendant, and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff Michael Borbath is a resident of Brevard County, Florida and, at all times material, was a Colonel in and a member of the uniformed services who performed service in the reserve component of the United States Armed Forces, including active-duty and deployment service in support of overseas war operations.

4. Defendant L3Harris Technologies, Inc. employed Plaintiff at its facility in Brevard County, Florida and is an employer as defined by the laws under which this action is brought.

5. At all times material, Defendant was Plaintiff's employer within the meaning of USERRA.

## GENERAL ALLEGATIONS

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

**FACTUAL ALLEGATIONS**

9. Plaintiff Michael Borbath was employed by Defendant within Defendant's engineering organization, where he was assigned to work on Defendant's programs, including work supporting Defendant's Golden Dome, Space, Intelligence and Cyber business.

10. At all relevant times, Plaintiff was a member of the reserve component of the United States Armed Forces and periodically performed military service, including reserve duty obligations and active-duty service culminating in an overseas deployment.

11. Within Defendant's organization, Plaintiff reported to his immediate Group Leader, Han Lam, and to the Director of Engineering, Jeff Bell.

12. Over approximately the six months preceding his termination, Scott Carter, a program manager, repeatedly remarked in a disparaging tone during group telephone conferences that Plaintiff was "still on reserve duty," stating that he thought "reservists only had to work one weekend a month."

13. Bill Kearney, a program manager, removed Plaintiff from his program because, as stated, Plaintiff "was away on reserve duty too much."

14. Han Lam, Plaintiff's immediate Group Leader, persistently refused to assign Plaintiff to new programs, citing Plaintiff's reserve duty attendance. Ms. Lam admitted that she had no knowledge of USERRA.

15. Jeff Bell, Director of Engineering, likewise persistently refused to assign Plaintiff to new programs, citing Plaintiff's reserve duty attendance.

16. On or about July 24, 2026, Plaintiff returned to Florida after completing a four-week pre-deployment active-duty period.

17. On or about July 27, 2026, Plaintiff returned to work at Defendant's facility for what were to be two days of work before his scheduled overseas deployment.

18. That afternoon, on short notice, Plaintiff was invited to a meeting by Han Lam, who was filling in for Director of Engineering Jeff Bell while he was on vacation. Defendant's newly assigned human resources representative, Zach Harper, was also present at the meeting.

19. During the meeting, Plaintiff's Engineering Manager told Plaintiff that, even though he was supporting Defendant's Golden Dome and Space business, his role was being eliminated because he was charging too much Indirect Labor. When Plaintiff responded that he had received a charge number in June

and had begun charging Direct Labor, Defendant acknowledged that Plaintiff had begun charging Direct Labor but continued to point to his past Indirect Labor.

20. During the same meeting, Plaintiff asked whether Defendant's representatives knew what USERRA was. Plaintiff's Engineering Manager stated that she had never heard of it, and the human resources representative stated that he had heard of it but did not know what the acronym stood for and offered no clear explanation of its purpose.

21. Plaintiff advised Defendant's representatives that he was deploying within hours, and they acknowledged that they were aware of the deployment. Plaintiff's Engineering Manager stated that Plaintiff was "constantly on military duty," and the human resources representative stated that they needed to pick a time when Plaintiff was not on duty to terminate him, which is why they selected the two days Plaintiff had returned to work between his pre-deployment period and his overseas deployment as the termination date.

22. When the human resources representative left the room to make photocopies, Plaintiff again asked his Engineering Manager to disclose the real reason for his termination and restated his belief that he was being terminated because he was frequently away on military duty. Plaintiff's Engineering Manager agreed, acknowledging that it was difficult to find stable Direct Labor work for Plaintiff because of his frequent reserve duty.

23. During the meeting, Defendant provided Plaintiff with a copy of a Release statement, took Plaintiff's company computer, iPhone, and badge, handed Plaintiff a box containing his personal effects that Defendant's security personnel had collected during the meeting, and escorted Plaintiff out of the building.

24. At the time of Plaintiff's termination, Defendant had at least five open job requisitions seeking individuals with Plaintiff's skill set at Plaintiff's exact level.

25. On or about July 29, 2026, Plaintiff's military order start date, Plaintiff deployed overseas in support of war operations.

26. Defendant chose to terminate Plaintiff's employment at the precise moment he had returned to work between his pre-deployment active-duty period and his imminent overseas deployment, acting while Plaintiff was about to leave again on military service.

27. Defendant's decision to terminate Plaintiff was motivated by Plaintiff's membership in the uniformed services and his performance of, and obligations to perform, military service, including his imminent overseas deployment.

28. Plaintiff's military service was a motivating factor in Defendant's decision to deny Plaintiff assignment to new programs, to treat Plaintiff less

favorably than other similarly situated employees, and to terminate Plaintiff's employment.

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment opportunities, and lost benefits of employment, and has been otherwise injured.

30. Defendant's conduct was willful and in reckless disregard of Plaintiff's rights under USERRA.

**COUNT I**
**UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA) - DISCRIMINATION**

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

32. At all times material, Plaintiff was a member of the uniformed services and had an obligation to perform service in the uniformed services within the meaning of USERRA.

33. Pursuant to 38 U.S.C. § 4311(a), a person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

34. Defendant denied Plaintiff benefits of employment, including assignment to new programs and continued employment, and otherwise treated Plaintiff less favorably in the terms and conditions of his employment, because of his membership in and obligation to perform service in the uniformed services.

35. Plaintiff's membership in, obligation to perform service in, and performance of service in the uniformed services was a motivating factor in Defendant's adverse treatment of Plaintiff.

36. The above-described acts constitute a violation of USERRA, 38 U.S.C. § 4311, for which Defendant is liable.

37. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages, and Plaintiff is entitled to relief under 38 U.S.C. § 4323, including, but not limited to, the following:

a. Lost wages and benefits, pursuant to 38 U.S.C. § 4323(d)(1)(B);

b. Interest on lost wages and benefits, pursuant to 38 U.S.C. § 4323(d)(1)(C);

c. Liquidated damages, pursuant to 38 U.S.C. § 4323(d)(1)(D);

d. An order requiring Defendant to comply with USERRA, and front pay and benefits or reinstatement to Plaintiff's position, pursuant to 38 U.S.C. § 4323(d)(1)(A) and (e);

e. Injunctive relief, pursuant to 38 U.S.C. § 4323(e);

f. Attorney's fees, expert witness fees, and other litigation expenses, pursuant to 38 U.S.C. § 4323(h)(2); and

g. All such other relief and damages to which Plaintiff is entitled.

**COUNT II**
**UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA) - DISCRIMINATORY DISCHARGE**

38. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

39. At all times material, Plaintiff was a member of the uniformed services and had an obligation to perform service in the uniformed services within the meaning of USERRA.

40. Pursuant to 38 U.S.C. § 4311(a), an employer may not deny retention in employment to, or otherwise discriminate against, a person on the basis of that person's membership in, performance of service in, or obligation to perform service in the uniformed services.

41. Defendant discharged Plaintiff from his employment because of his membership in and obligation to perform service in the uniformed services, including his active-duty service and imminent overseas deployment. Specifically, Defendant chose to terminate Plaintiff during the narrow window between his return from pre-deployment training and the commencement of his overseas

deployment, terminating him at the precise moment he was about to leave again on military service.

42. Plaintiff's membership in, obligation to perform service in, and performance of service in the uniformed services was a motivating factor in Defendant's decision to discharge Plaintiff.

43. The above-described acts constitute a violation of USERRA, 38 U.S.C. § 4311, for which Defendant is liable.

44. As a direct and proximate result of Defendant's unlawful discharge of Plaintiff, Plaintiff has suffered and will continue to suffer damages, and Plaintiff is entitled to relief under 38 U.S.C. § 4323, including, but not limited to, the following:

a. Lost wages and benefits, pursuant to 38 U.S.C. § 4323(d)(1)(B);

b. Interest on lost wages and benefits, pursuant to 38 U.S.C. § 4323(d)(1)(C);

c. Liquidated damages, pursuant to 38 U.S.C. § 4323(d)(1)(D);

d. An order requiring Defendant to comply with USERRA, and front pay and benefits or reinstatement to Plaintiff's position, pursuant to 38 U.S.C. § 4323(d)(1)(A) and (e);

e. Injunctive relief, pursuant to 38 U.S.C. § 4323(e);

f. Attorney's fees, expert witness fees, and other litigation

expenses, pursuant to 38 U.S.C. § 4323(h)(2); and

g. All such other relief and damages to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: The relevant documents submitted by Plaintiff are stored in a case management software that utilizes Artificial Intelligence. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure, and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure, and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of record.

**FLORIN | GRAY**

*/s/ Troy Longman, II*
**TROY LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
Primary: tlongman@floringray.com
Secondary: debbie@floringray.com
**WOLFGANG FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary: wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942
*Attorneys for Plaintiff*